UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


AMICA MUTUAL INSURANCE COMPANY,

    Plaintiff,

v.                                                      CASE NO: 8:12-cv-511-T-26TBM

SAYEEDA QUADE, as the Personal Representative
of the Estate of Shawn R. Quade,

    Defendant.
_____/


**O R D E R**

Before the Court is Plaintiff's Dispositive Motion for Summary Judgment (Dkt. 38) and Defendant's Response (Dkt. 44). After careful consideration of the submissions of the parties, the Court concludes that the motion should be denied.

This case was previously before this Court on a motion to dismiss, which was denied.[1] At that stage of the proceedings there was obviously confusion in the record as was noted in the order.[2] Defendant's response now clarifies what at least it meant throughout the communications between counsel.

---

[1]  See Order at docket 34.

[2]  See Order at docket 34, footnote 1.

Mrs. Quade was a passenger in a personal automobile driven by her husband, Mr. Quade, on March 6, 2011. Mr. Quade died as a result of the automobile accident, and Mrs. Quade suffered personal injuries for which she has been compensated pursuant to the Quade's insurance policy that provides $100,000 uninsured motorist (UM) and underinsured motorist (UIM) coverage. This case involves a second $100,000, which Amica sent to the attorney for the Estate of Shawn Quade. The second check was never deposited. The parties in this case are arguing over whether a personal representative had to be appointed in an opened estate before disbursement of the proceeds of the insurance policy. Amica contends that an estate must be opened and a personal representative appointed before a wrongful death may be pursued. Amica's entire argument is devoted to third-party recovery against a tortfeasor under the wrongful death statute and to avoid double exposure by having to pay $100,000 twice, once to a survivor and perhaps again to other beneficiaries of the estate. Defendant, however, accurately distinguishes between first-party coverage and third-party UM coverage, and makes a persuasive case that there is no duty under Florida law that a personal representative be appointed before a covered surviving spouse be compensated with benefits due her in her capacity as a surviving spouse under this policy.

Viewing the facts in the light most favorable to the nonmoving party on summary judgment,[3] the Court must unequivocally deny summary judgment.  Defendant makes a compelling case that the check for $100,000 made out to the estate in May 2011 should have been made out to Mrs. Quade as an insured surviving spouse under the terms of the policy.  Defendant concedes there was confusion, and apparently such confusion was never rectified over the course of this case.  In any event, the clear terms of the policy afford Mrs. Quade UM coverage benefits as an "insured" who is the named insured as well as the spouse.  Mrs. Quade would be entitled to "bodily injury" ("including death") sustained by Mr. Quade.  There is no requirement in the policy that Mrs. Quade as an insured surviving spouse set up an estate for Mr. Quade with an appointed personal representative in order to obtain first-party UM benefits, nor does Florida law place a requirement on the insured to sue the at-fault owner and operator before collecting benefits from the insurer.  See Ruddy v. Carelli, 54 So. 3d 1055 (Fla.Dist.Ct.App. 2011); Saris v. State Farm Mut. Auto. Ins. Co., 49 So. 3d 815, 819 (Fla.Dist.Ct.App. 2010); Diaz-Hernandez v. State Farm Fire & Cas. Co., 19 So. 3d 996 (Fla.Dist.Ct.App. 2009).

It is therefore **ORDERED AND ADJUDGED** that Plaintiff's Dispositive Motion for Summary Judgment (Dkt. 38) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on January 17, 2013.

---

[3] See United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 8 L. Ed. 2d 176 (1962); Welch v. Celotex, 951 F.2d 1235, 1237 (11th Cir. 1992).

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record