UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMICA MUTUAL INSURANCE COMPANY,

    Plaintiff,

v.                                                CASE NO: 8:12-cv-511-T-26-TBM

SAYEEDA QUADE, as the Personal Representative
of the Estate of Shawn R. Quade,

    Defendant.
_____/

**O R D E R**

    Upon due consideration of the procedural history of this case, and for the reasons expressed in this order, it is ordered and adjudged that Defendant's Opposed Motion for Leave to File Amended Answer to Plaintiff's Complaint (Dkt. 1) to Assert Claim for Attorney's Fees and Counterclaim for Bad Faith (Dkt. 48) is denied, thus relieving Plaintiff of the obligation to respond to the motion.

    On September 17, 2012, this Court entered a Case Management and Scheduling Order at docket 33 which put the parties on notice that the last day to seek an amendment to the pleadings was December 1, 2012.  In light of the fact that Defendant's motion was filed February 1, 2013, or almost two months after the December 1, 2012 deadline, the "good cause" requirement of Federal Rule of Civil Procedure 16(b) rather than the "freely give leave when justices so requires" requirement of Rule 15(a) cited by Defendant controls the disposition of Defendant's motion.  See Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1419 (11th Cir. 1998) (stating that

"because Sosa's motion was filed after the scheduling order's deadline, she must first demonstrate good cause under Rule 16(b) before we will consider whether amendment is proper under Rule 15(a).") (citations omitted).

In this case, Defendant has wholly failed to address the issue of why there exists good cause to allow such a late amendment to the pleadings. Also unexplained is why Defendant's counsel, who entered this case as counsel of record on November 6, 2012,[1] almost one month prior to the December 1, 2012 deadline, and after reviewing the state of the pleadings, waited until almost three months after his appearance to move to amend the pleadings.

In light of the disposition of the leave to amend, it follows that Defendant's Motion to Abate Determination of Bad Faith Until Conclusion of Pending State Court Actions (Dkt. 49) is denied, thus again relieving Plaintiff of the responsibility to respond to the motion.

**DONE AND ORDERED** at Tampa, Florida, on February 4, 2013.

                s/*Richard A. Lazzara*
              **RICHARD A. LAZZARA**
              **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[1] See dockets 35 and 36.